IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| ROBERT STEVENS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY-SITUATED;<br><br>Plaintiff,<br><br>vs.<br><br>CREWS CONTROL, LLC,<br><br>Defendant, | 2:23-CV-01863-MJH |

**MEMORANDUM OPINION**

Plaintiff, Robert Stevens, individually and on behalf of a proposed class of similarly situated individuals, filed this collective and class action lawsuit against Defendant, Crews Control, LLC. (ECF No. 1). In the original Complaint, Plaintiff alleged that Defendant violated the Fair Labor and Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.* by failing to pay overtime compensation to Plaintiff and the proposed class. (*Id.*). On December 26, 2023, Defendant filed a Partial Motion to Dismiss. (ECF No. 13). On January 9, 2024, Plaintiff filed an Amended Complaint. (ECF No. 16). On January 23, 2024, Defendant filed another Partial Motion to Dismiss, and accompanying brief. (ECF Nos. 17 & 18). On February 6, 2024, Plaintiff filed a Response to Defendant's Partial Motion to Dismiss. (ECF No. 20). On February 20, 2024, Defendant filed a Reply to Plaintiff's Response to Plaintiff's Partial Motion to Dismiss. (ECF

1

No. 23). Presently, before the Court, is Defendant's Partial Motion to Dismiss. (ECF No. 17). The Motion to Dismiss has been fully briefed and is ready for decision.

For the reasons stated below, Plaintiff's Partial Motion to Dismiss will be denied.

## I.     Statement of Facts

Plaintiff, Robert Stevens, was employed as a Traffic Control Technician/Flagger ("Flagger") by Crews Control, a Pennsylvania company with a primary office located in Pittsburgh, Pa. (ECF No. 16, at ¶ 2). Plaintiff alleges that all Flaggers, employed by Crew Control, are paid on an hourly basis. (*Id.* ¶ 34-36). According to the Amended Complaint, the primary duties of a Flagger include, setting up and maintaining traffic warning signs, cones, barriers, and rumple strips, as well as directing the flow of traffic through construction work zones. (*Id.* ¶ 37). Plaintiff alleges that some Flaggers, including himself, were equipped with company vehicles, and required to transport tools, supplies, and other equipment to and from job sites to their homes and/or temporary residences. (*Id.* ¶ 38). Plaintiff alleges that such transportation occurred at the beginning and end of the workday, outside his scheduled work hours. (*Id.* ¶¶ 39-40). In addition to the travel to and from the job sites, Plaintiff alleges that Flaggers were required to arrive at job sites twenty minutes early to receive instructions for the day, prepare for the workday, and perform other "compensable work." (*Id.* ¶¶ 50-51).

Plaintiff alleges that the receipt of a company vehicle was contingent on their agreement "to perform additional job duties for Defendant," such as, transporting tools and equipment in the company vehicles to job sites, securing and maintaining said tools, conducting inventory checks, completing paperwork, and maintaining the company vehicles. (*Id.* ¶ 43). Plaintiff alleges that the company vehicles were listed on Defendant's dispatch instructions as "equipment" for the job. (*Id.* ¶ 44). Plaintiff alleges that the travel time between Flaggers' home and/or temporary

residence to job sites totaled to several hours per day, for which they were not compensated. (*Id.* ¶ 44). Plaintiff alleges that Flaggers, equipped with company vehicles, were provided with a company credit card to pay for gas, tolls, and maintenance for the vehicles as compensation for their use. (*Id.* ¶ 45). Plaintiff alleges that he and other Flaggers, equipped with company vehicles, were denied compensation for approximately ten to twenty hours per week, and that they are owed overtime rate for such hours. (*Id.* ¶ 68).

## II.     Relevant Legal Standard

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A

pleading party need not establish the elements of a prima facie case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Assocs., Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail; but rather, whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

In a civil rights case, when the court grants a motion to dismiss for a failure to state a claim, the court must offer the plaintiff leave to amend, even if it was not requested by the plaintiff, "unless doing so would be inequitable or futile." *Phillips*, 515 F.3d at 246; *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

### III. Discussion

#### A. Fair Labor Standards Act Claim

In Defendant's Partial Motion to Dismiss, they argue that Plaintiff's allegation that Defendant violated the FLSA, because they did not compensate Plaintiff for his travel time to and from work, fails. (ECF No. 18, at 5). However, in Plaintiff's Response to Defendant's Motion to Dismiss, Plaintiff indicated that no such a claim under the FLSA was included within the Amended Complaint. (ECF No. 20). A review of the Amended Complaint confirms that

Plaintiff did not continue to pursue said claims. As such, Defendant's Motion to Dismiss Plaintiff's allegations that Defendant violated the FLSA by failing to compensate him for travel time to and from work, is moot.

### B. Pennsylvania Minimum Wage Act Claim

Plaintiff alleges that Defendant violated the PMWA, because Defendant failed to compensate Plaintiff, and similarly situated individuals, for the time they spent traveling to and from work in company issued vehicles while transporting company tools. (ECF No. 16, at ¶¶ 93-97). Defendant argues that Plaintiff fails to plead facts to establish said claim, because Plaintiff's commute time to and from work, was not a duty; and thus, is not compensable under the PMWA. (ECF No. 18, at 8). Defendant further argues that the travel time did not occur during "normal working hours," because the Flaggers did not perform ancillary duties while they traveled to and from work in the company vehicles. (*Id.*) In Plaintiff's Response, he argues that the travel time to and from work constitutes "time spent traveling as part of the duties of the employee," which occurred during "normal working hours," because he and other Flaggers were required to transport company tools to and from work sites in the company vehicles. (ECF No. 20, at 8, 13).

The PMWA requires that "[e]very employer shall pay. . . each of his or her employe[es] wages for all hours worked." 43 Pa. Cons. Stat. § 333.104(a). For travel time to be compensable, it must be "time spent travelling as part of the duties of the employee during normal working hours and time during which an employee is employed or permitted to work." 34 Pa. Code § 231.1(b). This requires courts to apply a two-part test to determine whether the travel time was (1) part of the employee's duties, and (2) occurred during normal working hours. *Smith v. Allegheny Techs., Inc.*, 754 F. App'x 136, 140 (3d Cir. 2018). Compensability of travel time under the PMWA is a fact-specific inquiry. *Morel Then v. Great Arrow Builders, LLC*, 513 F.

5

Supp. 3d 633, 635, 637 (W.D. Pa. 2021). In determining whether travel time is a duty of an employee, courts must decide "whether the employee is under a duty to perform the activity in question, the inquiry is not limited to the formal agreement between the parties outlining compensable work and wages, but draws on the entirety of the factual underpinnings forming the employment relationship." *Larue v. Great Arrow Builders LLC*, 2020 U.S. Dist. LEXIS 176466, at *57 (W.D. Pa. 2020). The Third Circuit has held that in determining what is considered a duty under the PMWA, courts must look to the plain meaning of "duty." *Smith*, 745 F. App'x at 141. A duty is "[a] legal obligation that is owed or due to another and that needs to be satisfied." *Id.* (citing *Black's Law Dictionary* 580 (9th ed. 2009)).

The Third Circuit has not addressed what constitutes "normal working hours" under the PMWA, but courts in this district have utilized the interpretation provided by Judge Roth's dissent in *Espinoza v. Atlas R.R. Constr., LLC*, 657 F. App'x 101 (3d Cir. 2016). *See Copley v. Evolution Well Services Operating, LLC*, 2021 WL 3370058 at *6 (W.D. Pa. 2021); *See also Smith v. Strom Eng'g Corp*, 2019 WL 12363207 at *4 (W.D. Pa. Nov. 14, 2019). Jude Roth opined that there is a difference between "scheduled working hours" and "normal working hours," and that "'normal working hours' may include hours outside of an employee's actual scheduled shifts." *Copley*, 2021 WL 3370058 (citing *Espinoza*, 657 F. App'x at 112-13). If such was not the case, Judge Roth opined, that employers could schedule employees to work less hours, but still require them to complete duties "ancillary" to the job outside of their scheduled shift. *Espionoza*, 657 F. App'x at 113).

First, the Court will address whether Plaintiff has plead sufficient facts to allege that the travel time the Flaggers spent driving the company issued vehicles to and from work can be considered "duties" under the PMWA. Defendant argues that the time spent by Plaintiff

6

travelling to and from work is not a "duty," because Plaintiff and other Flaggers do not participate in any work-related activities or business on their drive to and from work, distinguishing the present facts from *Copley*, a case cited by Plaintiff as support for their claim. (ECF No. 23, at 3). In *Copley*, the Plaintiffs, who were electricians, worked at locations away from their homes and were not compensated for their travel time to and from company housing and the jobsite. *Copley*, at *5. The Court in *Copley* found that the plaintiff's travel time was a duty of employment, because the employees were picked up by company vehicles, participated in fifteen-to-twenty-minute meetings, and engaged in work related activities such as phone calls with supervisors during the travel time. *Id.* at *5. Additionally, the plaintiffs in *Copley* alleged that they had an agreement, pursuant to a collective bargaining agreement, to be paid for the travel time. *Id.*

In this case, Plaintiff pleads that Flaggers with company issued vehicles were "required, as part of their job duties for Defendant, to transport tools, supplies, and equipment therein to and from job sites for Defendant." (ECF No. 16, at ¶ 39). Plaintiff further pleads that Flaggers, with company vehicles, were required to drive said vehicles to and from their homes and/or to the jobsites at the start and end of the day. (*Id.* ¶¶ 40-41). Plaintiff was provided with a company credit card to pay for gas, tolls, and maintenance of the company vehicle. (*Id.* ¶ 45). Plaintiff's allegations that he and other Flaggers were "required" to drive the company vehicles to and from work, although conclusory, at this stage of the case are minimal but sufficient. Determining whether travel time is a duty, and thus compensable, is a fact-specific inquiry that may be better served with further development of the record. *See Morel Then v. Great Arrow Builders, LLC*, 513 F. Supp. 3d at 635, 637. Thus, at this stage, Plaintiff has pled sufficient facts that Plaintiff's travel time, in the company vehicle, may support a compensable claim under the PMWA.

7

Next, the Court will address whether the travel time spent by the Plaintiff and other Flaggers travelling to and from their homes or temporary residences to work sites in their company vehicles occurred during "normal working hours" under the PMWA. Plaintiff pleads that he and other Flaggers were required to use the company vehicles to travel to and from work, transporting company equipment, which occurred before and after Plaintiff's scheduled working hours. Plaintiff does not plead any other facts that he and other Flaggers performed other duties that could be considered "ancillary" during his travel time to and from work. However, Plaintiff's allegations that he was required to transport company equipment during said travel time is enough, at this stage, to be sufficient, to allow for further discovery under the PMWA.

Thus, Defendant's Partial Motion to Dismiss Plaintiff's PMWA claim, for the travel time he spent driving his assigned company vehicle to and from work, at this stage of the case, will be denied.

### IV. Conclusion

For the reasons stated above, Defendant's Partial Motion to Dismiss will be denied. Defendant will have until June 6, 2024 to answer all claims in the Amended Complaint. A separate order will follow.

DATE: 5/23/2024_

Marilyn J. Horan
United States District Judge