IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT STEVENS, *individually and on behalf of all others similarly-situated* | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO. 23-1863-MJH<br>)<br>) |
| v. | )<br>) |
| CREWS CONTROL, LLC | )<br>) |
| Defendant. | ) |

**UNOPPOSED MOTION FOR AN ORDER
CERTIFYING THE CLASS FOR SETTLEMENT PURPOSES ONLY
AND GRANTING PRELIMINARY APPROVAL OF THE
SETTLEMENT AGREEMENT, CLASS NOTICE, AND OPT-OUT FORM**

Plaintiff Robert Stevens ("Plaintiff"), individually and on behalf of the Class he seeks to represent, by and through his counsel, the Murphy Law Group, LLC, hereby files this Unopposed Motion for an Order Certifying the Class for Settlement Purposes Only, and Granting Preliminary Approval of the Settlement Agreement, Class Notice and Opt-Out Form. In support of his Motion, and as explained in greater detail in the accompanying Memorandum of Law, Plaintiff states as follows:

1.  On or about October 27, 2023, Plaintiff initiated this lawsuit against Defendant on behalf of himself and all similarly-situated Flaggers presently or formerly employed by Defendant ("Class Plaintiffs").

2.  In his First Amended Collective and Class Action Complaint, Plaintiff alleges, as relevant hereto, that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, <u>and</u> the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 33.104, *et seq.*, by failing to accurately track and count towards his and other Flaggers' "hours worked," and thus towards their eligibility for overtime compensation, the time they spent doing the following: (a)

arriving early at jobsites as required by Defendant; and (b) picking up and driving equipment from Defendant's office to jobsites and back. Plaintiff further alleges that Defendant violated the PMWA <u>only</u> by failing to count towards the "hours worked" of Flaggers with assigned Traffic Trucks the time they spent driving those Traffic Trucks laden with tools and equipment between their places of lodging and jobsites.

3. Following the Court's denial of Defendant's Partial Motion to Dismiss Plaintiff's First Amended Collective and Class Action Complaint on May 23, 2024, the Parties engaged in substantial discovery related to Plaintiff's then-anticipated motion for conditional certification under 29 U.S.C. § 216(b), including the depositions of Named Plaintiff and two (2) Opt-In Plaintiffs, along with extensive written discovery.

4. On December 4, 2024, the parties attended a full day of mediation with the Carol Katz, Esq. of Carole Katz LLC. With the assistance of Ms. Katz, the parties reached the settlement discussed herein.

5. Plaintiff and Defendant have negotiated a settlement individually and on behalf of the proposed Class of similarly-situated Flaggers, as set forth in the Class Action Settlement Agreement ("Agreement") which is attached hereto as Exhibit "A." The Agreement settles and compromises fully all claims asserted with respect to this litigation as set forth in paragraph 10 therein.

6. Plaintiff and Defendant request that this Court approve, administer, and implement the Agreement.

7. To approve and implement this settlement, Plaintiff and Defendant move this Court to enter an order, substantially in the form attached hereto as Exhibit "B," which provides for the following:

    a)  Granting preliminary approval under Federal Rule Civil Procedure 23 of the Settlement as adequate, fair, and reasonable, and in the best interest of Plaintiff and the putative settlement class members;

    b)  Certifying the class as defined in the Agreement for settlement purposes only (the "Settlement Class");

    c)  Appointing Plaintiff Robert Stevens as Settlement Class Representative;

    d)  Appointing Murphy Law Group, LLC as counsel for the Settlement Class ("Class Counsel");

    e)  Authorizing the issuance of a Notice of Settlement, substantially in the form attached hereto as Exhibit "C," and an Exclusion/Opt-Out Form, a copy of which is attached hereto as Exhibit "D" (together, the "Class Notice") to all individuals identified as putative members of the Settlement Class;

    f)  Appointing ILYM Group, Inc. as the Claims Administrator;

    g)  Ordering that all members of the Settlement Class shall have forty-five (45) days from the date of the mailing of the Class Notice in order to execute and return the Exclusion/Opt-Out Forms and/to file written objections; and

    h)  Scheduling a hearing for the final approval of the Agreement and settlement.

  8.  The Parties have agreed to certification of the following class for settlement purposes pursuant to the Agreement:

> All persons employed by Crews Control, LLC as Flaggers during any week between October 17, 2020 and December 4, 2024, who: (a) worked sufficient hours in any workweek between October 17, 2020 and February 17, 2023 to be eligible for overtime compensation for allegedly compensable early arrival time after applicable overtime offset credits; and/or (b) drove an assigned Traffic Truck for Defendant in any workweek between October 17, 2020 and December

4, 2024 and worked sufficient hours in any workweek during that time period to be eligible for overtime compensation for allegedly compensable travel time after applicable overtime offset credits.

Members of the stipulated class shall be referred to as "Class Members."

9. In support of this Unopposed Motion, Plaintiff states the following:

a) Plaintiff's counsel has conducted a thorough investigation of the claims against Defendant of Plaintiff and potential members of the Settlement Class which included, but was not limited to, reviewing voluminous payroll, dispatch, and time-related records, extensive consultation with Plaintiff and several Opt-In Plaintiffs, and performing numerous calculations with respect to the potential damages in this matter. Plaintiff's Counsel has also conducted extensive research regarding the FLSA and PMWA, including, but not limited to with respect to Defendant's Partial Motion to Dismiss Plaintiff's class claims for Traffic Truck Travel Time under the PMWA. Based upon its independent investigation and evaluation, Plaintiff's counsel believes that the settlement with Defendant for the consideration and on the terms set forth in the Agreement is fair, reasonable, and adequate and is in the best interest of Plaintiff and potential members of the class in light of all known facts and circumstances, including the risks of not achieving conditional certification under 29 U.S.C. § 216(b) or subsequent decertification of any conditionally-certified collective, not achieving class certification under Fed. R. Civ. P. 23, numerous substantive defenses asserted by Defendant, significant uncertainties relating to damages calculation, and potential appellate issues.

b) It is Plaintiff's counsel's belief that the questions presented in the Plaintiff's First Amended Collective and Class Action Complaint form a common nucleus of operative fact and involve common questions of law.

c) It is Plaintiff's counsel's belief that the Settlement Class meets the

4

commonality and typicality requirements of Rule 23 and there is sufficient unity of interest within or among the Settlement Class to support certification of the class for settlement purposes pursuant to the Agreement.

        d)      It is Plaintiff's counsel's belief that a settlement of the Class Members' claims relating to Defendant pursuant to this Agreement is the most expeditious, efficient, and fair means of resolving these claims and that to require the parties to litigate the claims piecemeal would frustrate the ability of the parties to settle such claims, risk inconsistent and conflicting decisions as to the legality of Defendant's overtime practices, increase the cost of litigation and waste judicial resources.

**WHEREFORE**, for all the reasons stated in this Motion and in the Class Action Settlement Agreement, Plaintiff respectfully requests the Court to enter an Order in the form attached as Exhibit "B" hereto.

    Respectfully submitted,

    **MURPHY LAW GROUP, LLC**

By:    /s/ Michael Groh
    Michael Groh, Esq.
    PA Attorney I.D. No. 319296
    Eight Penn Center, Suite 2000
    1628 John F. Kennedy Blvd.
    Philadelphia, PA 19103
    TEL: 267-273-1054
    FAX: 215-525-0210
    mgroh@phillyemploymentlawyer.com
    Attorneys for Plaintiff

Dated: March 24, 2025

## CERTIFICATE OF SERVICE

I, Michael Groh, Esquire, hereby certify that on March 24, 2025, I caused a true and correct copy of the foregoing to be filed via ECF filing, which will send notification of such filing to the following counsel:

M. Abbegael Giunta, Esq.
Andrew L. Levy, Esq.
McNEES WALLACE & NURICK LLC
100 Pine Street, P.O. Box 1166
Harrisburg, PA 17108-1166
(717) 232-8000
agiunta@mcneeslaw.com
alevy@mcneeslaw.com
Attorneys for Defendant

/s/ Michael Groh
Michael Groh, Esq.

Dated: March 24, 2025