IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT STEVENS, *individually and on behalf of all others similarly-situated* ) ) | |
| ) | CIVIL ACTION NO. 23-1863-MJH |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CREWS CONTROL, LLC ) | |
| ) | |
| Defendant. ) | |

**FINAL APPROVAL ORDER**

**AND NOW**, this 30th day of July, 2025 upon consideration of Plaintiff's Unopposed Motion for Certification of the Settlement Class and Final Approval of the Settlement ("Motion for Final Approval"), ECF No. 51, Action Settlement Agreement ("Settlement Agreement"), ECF. No. 52-1 and the accompanying Memorandum of Law, ECF. No. 52 the representations and arguments of counsel during the July 30, 2025 fairness hearing, and the Court being fully apprised of the facts, the Court hereby ORDERS as follows:

1. The Court **CERTIFIES A SETTLEMENT CLASS** of 679 individuals who: (1) are listed in Exhibit A of the Agreement; and (2) have not excluded themselves from the settlement.[1] This settlement class comprises "all individuals employed by Crews Control, LLC as Flaggers during any week between October 17, 2020 and December 4, 2024: who (a) worked sufficient hours in any workweek between October 17, 2020 and February 17, 2023 to be eligible for overtime compensation for allegedly compensable early arrival time after applicable overtime offset credits; and/or (b) drove an assigned Traffic Truck for Defendant in any workweek

---

[1] As explained in the Declaration of Makenna Snow of ILYM Group, Inc., only one (1) individual filed a timely request to be excluded from the settlement: Jonathan Bastianini. Accordingly, the certified settlement class comprises all individuals listed in Exhibit A apart from Mr. Bastianini.

between October 17, 2020 and December 4, 2024 and worked sufficient hours in any workweek during that time period to be eligible for overtime compensation for allegedly compensable travel time after applicable overtime offset credits." The Court finds that the settlement class satisfies the four (4) requirements of Federal Rule of Civil Procedure 23(a) – i.e. numerosity, commonality, typicality, and adequacy of representation – as well as the additional requirements of Rule 23(b)(3) that common questions of law or fact predominate over any questions affecting only individual members and that a class action be superior to other available methods for the fair and efficient adjudication of the controversy.

2.     The Court finds the settlement to be "fair, reasonable, and adequate" to all Class Members within the meaning of Federal Rule of Civil Procedure 23(e)(2) and therefore **APPROVES** the settlement.

3.     The Court **APPROVES** the Class Members' settlement of claims under the Fair Labor Standards Act ("FLSA") because the settlement resolves a *bona fide* dispute over FLSA provisions, is fair, reasonable, and adequate, and does not impermissibly frustrate implementation of the FLSA in the workplace. See Jordan v. Passavant Mem'l Homes, 2022 U.S. Dist. LEXIS 70216, at *3 (W.D. Pa. Apr. 13, 2022).

4.     The Court **APPROVES** a Service Award of $7,500 to be paid from the Settlement Amount as specified in the Agreement for the Class Representative and Named Plaintiff, Robert Stevens, who performed substantial services for the benefit of the Settlement Class.

5.     The Court **APPOINTS** Murphy Law Group, LLC ("Class Counsel") to serve as class counsel. The record demonstrates this firm is qualified to serve as class counsel pursuant to the criteria outlined in Rule 23(g)(1)(A) of the Federal Rules of Civil Procedure.

6. The Court **APPROVES** the payment of $174,889.85 in attorneys' fees and costs to Class Counsel, Murphy Law Group, LLC, such award to be paid from the Settlement Amount in full compromise and satisfaction of all attorneys' fees and expenses incurred by Class Counsel as specified in the Agreement. As indicated by the Declaration of Michael Groh, Esq., $4,789.85 of this amount will reimburse Class Counsel for costs and litigation expenses to date. The remaining $170,100 will be paid to Class Counsel for attorneys' fees. This Court finds this fee award to be supported by the factors enumerated in Gunter v. Ridgewood Energy Corp., 223 F.3d 190 (3d Cir. 2000) and In re Prudential Ins. Co., 148 F.3d 283 (3d Cir. 1998), and, equating to 35% of the settlement amount, within the range of fee awards regularly approved within this Circuit. See Kapolka v. Anchor Drilling Fluids USA, LLC, 2019 U.S. Dist. LEXIS 182359, at *20-21 (W.D. Pa. Oct. 22, 2019) (collecting cases).

7. The Claims Administrator, ILYM Group, Inc., shall be awarded an amount not to exceed $7,500 for fair and reasonable fees and expenses incurred in the administration of the settlement. Such awards are to be paid from the Settlement Amount as specified in the Agreement.

8. This action is **DISMISSED WITH PREJUDICE**, although the Court will continue to maintain jurisdiction over the enforcement of the settlement.

                                          **BY THE COURT:**

                                          _____
                                          The Honorable Marilyn J. Horan
                                          United States District Judge

Dated: _July 30, 2025_